UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-142-1-F
No. 7:09-CR-142-2-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROY L. CREASY | ) | |
| TAMALA CREASY NEWTON. | ) | |
| Defendants. | ) | |

By order of September 5, 2012, the court directed the Government:

> to file a response to OneWest Bank, FSB's Amended Petition to Determine its Interest in Property Subject to Forfeiture [DE-121] on or before October 5, 2012. The Government further is DIRECTED to address, not only the timing, process and standing of [OneWest Bank's] request for relief, but also the efficacy of the documents of record in this case to effects its own interest in the subject real property.

Order [DE-122]. The Government failed to do so. However, on October 9, 2012, the Government filed a Motion for an Amended Final Order of Forfeiture [DE-123] it which it acknowledges the interest of OneWest Bank in the subject real property, and suggests that the bank be permitted to proceed to foreclose thereon. The Government's proposed Amended Final Order of Forfeiture, like every other document it has filed concerning this criminal forfeiture, describes the subject property as follows:

> All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments, easements, and all appurtenances located at 2026 Lynwood Drive, Wilmington, North Carolina, as described in a deed recorded in Book 9907, pages [sic] 1107 of the New Hanover County Register of Deeds, Titled to Roy L. Creasy, Jr.

Motion for Amended Final Order [DE-123], p.1; proposed Amended Final Order of Forfeiture [DE-123], Attachment 1, p. 1; Final Order of Forfeiture [DE-118], p. 1; Motion for Final Order of Forfeiture [DE-117], p 1.; Notice of Publication [DE-95] Attachment 1; Preliminary Order of Forfeiture [DE-64], p. 2; Motion for Preliminary Order of Forfeiture [DE-63], p. 2; proposed

Preliminary Order of Forfeiture [DE-63], Attachment 1, p. 2.; and Superseding Indictment [DE-39], pp. 25-26 (identifies three parcels of real estate purportedly "described in a deed Recorded in Book 9007, Page 1107 of the New Hanover County Register of Deeds. Titled to Roy L. Creasy, Jr.").

OneWest Bank pointed out in its Request [DE-120], and its Amended Request [DE-121], p. 1, n.1, that, "The Court's Preliminary Order of Forfeiture entered in this case at docket entry number 118 erroneously references a deed recorded in Book 9907, Page 1007, of the New Hanover County Registry. It appears no such deed exists." The court's own effort to locate the referenced deed utilizing the online New Hanover County Registry's public records site likewise was unavailing.

OneWest Bank submitted a copy of the purported vesting deed conveying the property at 2026 Lynwood Drive, Wilmington, North Carolina, to Creasy and his wife, recorded on October 12, 1983, in Book 1236, Page 1600, New Hanover County Registry. See also Amended Request [DE-121], Attachment 1 ("vesting deed"). For that reason, the court directed the Government in [DE-122] to explain the efficacy of the documents it filed in this case and in its public and individualized notices to effect a valid forfeiture of the real property at 2026 Lynwood Drive, Wilmington, North Carolina. The Government did not comply.

In light of the foregoing, the court lacks confidence in the effectiveness of any of the Government's filings or notices to have effected valid notice to any third person concerning this attempted forfeiture because of its consistent use of an incorrect property description.[1] Since the Government has failed to explain why its pleadings, motions, notices and proposed orders

---

[1] Oddly, apparently in response the Preliminary Order of Forfeiture [DE-64], creditor New Hanover County filed a request that the court acknowledge its interest in property tax due on that property. The New Hanover County – Live – Real Estate Tax Statement, dated September 30, 2011, copy attached to the County's request, listed the "Deed Date" as 7/11/2007, and the "Book/Page" as 9907/1107. See [DE-115], Attachment 1.

2

Case 7:09-cr-00142-F   Document 124   Filed 10/17/12   Page 2 of 3

are correct as they appear of record, the Government's Motion for Amended Final Order of Forfeiture [DE-123] is DENIED.

The situation described herein does not appear to be addressed in Rule 32.2, FEDERAL RULES OF CRIMINAL PROCEDURE. The Government is DIRECTED to show cause, on or before **October 30, 2012**, why the Final Order of Forfeiture [DE-118] should not be stricken as improvidently entered. The Clerk of Court is DIRECTED to resubmit this matter to the undersigned on **November 1, 2012,** until which date OneWest Bank's Amended Request [DE-121] continues to be HELD IN ABEYANCE .

SO ORDERED.

This, the 17th day of October, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3

Case 7:09-cr-00142-F   Document 124   Filed 10/17/12   Page 3 of 3